John D. Bennett, S.
Objections have been made by the decedent’s widow to the issuance of letters testamentary to the three executors and trustees named in the will, upon the sole ground that their 1 ‘ circumstances are such that they do not afford adequate security to the creditors, or persons interested in the estate” (Surrogate’s Ot. Act, § 94). The objectant requests that letters be denied unless a bond is filed.
The procedure upon the filing of such objections is stated in Harris, Estates Practice Guide (Yol. 1, § 246, pp. 390-391) as *695 follows: “After the objections are filed, the statute provides for a stay until the matter is disposed of. In practice, however, no order is entered, but the matter is set down for hearing. If the charges are substantiated, either letters are denied, or if the objection relates to insufficient security or non-residence, the order provides for a bond pursuant to Surr. Ct. Act, § 97. If the charges are not substantiated the objections are dismissed and the issuance of letters decreed.”
The burden of proof in establishing the ground relied upon is on the objectant (Matter of Rachlin, N. Y. L. J., Dec. 11, 1953, p. 1422, col. 7). After a hearing and upon all the facts, the court finds that the respondent has failed to substantiate her objections. Accordingly the objections are dismissed and letters testamentary and letters of trusteeship, both without bond, are directed to 'be issued upon the petitioners qualifying according to law.
Settle order on five days’ notice.